UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:19cr74 (JCH) |
| v. | : | |
| | : | |
| LARRY HALL | : | DECEMBER 08, 2021 |
| Defendant. | : | |

**RULING RE: MOTIONS FOR COMPASSIONATE RELEASE (DOC. NOS. 2041, 2069)**

Larry Hall, a defendant sentenced by this court and currently serving that sentence with the Bureau of Prisons ("BOP"), has moved for "immediate release" from the BOP.  Mr. Hall seeks relief under the First Step Act as amended with regard to compassionate release.  As is required for compassionate release under section 3582(c)(1)(A)(i) of title 18 of the United States Code, Mr. Hall has exhausted his administrative remedies.  See First Mot. for Compassionate Release at Ex. 4 (Doc. No. 2041) ("First Mot.").[1]

Mr. Hall argues that there are extraordinary circumstances which justify his immediate release.  See First Mot. at 1-2.  He rests his argument upon the COVID-19 pandemic and, more particularly, the virus's presence in BOP facilities.  Id. at 16.  He argues that he is at a high risk from contracting COVID-19.  Id. at 2-3.  Further, he cites medical conditions he has which, if he contracts the virus, will put him at high risk of serious injury or death.  Id.; see also Second Mot. for Compassionate Release at 11-14 (Doc. No. 2069) ("Second Mot.").  In his Memoranda, Mr. Hall attests that he suffers

---

[1] The court appointed counsel for Mr. Hall, in connection with his pro se Motion for Compassionate Release.  (Doc. No. 2041).  Counsel subsequently submitted a supplemental Motion for Compassionate Release (Doc. No. 2069).

from two comorbidities: he is overweight and has high blood pressure. Id. Mr. Hall has a high BMI of approximately 29. First Mot. at 2.[2] A review of Mr. Hall's medications, see id. at Ex. 2, reveals that he has been prescribed Atenolol, medication for high blood pressure. Id. at 15. Further, while Mr. Hall does not specifically address all the 3553(a) factors, he argues that he has worked throughout his incarceration and has no criminal history points. First Mot. at 18-19; Second Mot. at 14-15. He also argues that this court noted at sentencing that it is "not very likely [Mr. Hall is] going to recidivate . . . ." Second. Mot. at 15. In addition, he has served much of his term of imprisonment while on partial or total lockdown. First Mot. at 19.

      Clearly, under the CDC guidelines, Mr. Hall would be at an elevated risk should he contract COVID-19 based upon his overweight status, and possibly his hypertension. See COVID-19, People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021). However, the government, in its Opposition, notes that Mr. Hall has been fully vaccinated against COVID-19. See Opp. to Mot. for Compassionate Release at 1 (Doc. No. 2077) (hereinafter "Opp."); see also Second Mot. at 1 (conceding that Mr. Hall has been vaccinated).

---

[2] The CDC warns of an increased risk of severe illness in individuals who are either overweight (defined as a body mass index (BMI) greater than or equal to 25 but less than 30) or obese (BMI greater than or equal to 30 but less than 40). See COVID-19, People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021). Because Mr. Hall attests that his BMI is 29 in his first Motion, the court will refer to his condition as "overweight" in line with the CDC definition.

Numerous courts have held that an inmate does not present "exceptional circumstances" on the basis of medical conditions which raise the risk if COVID-19 is contracted, when that inmate has been fully vaccinated against the virus.  See United States v. Poupart, No. 3:11-CR-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) ("[t]he opportunity for . . . inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 vulnerability . . . . Evidence that a defendant has been offered the vaccine . . . demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19") (internal citation omitted); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release "); United States v. Kosic, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) ("courts in this [C]ircuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling.") (collecting cases); United States v. Brown, No. 1:18-CR-00339-PAC-3, 2021 WL 5233506, at *3 (S.D.N.Y. Nov. 10, 2021) ("the mass-release of vaccinations in the past months have dulled the threat of severe complications or death from COVID-19 and its variants. . . . With these vaccines, the abstract threat of COVID-19 is no longer commonly accepted as a justification for compassionate release.") (collecting cases); see also Benefits of Getting Vaccinated, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Nov. 29, 2021).  The CDC has found that vaccinated persons are 5.8 times

less likely to test positive for COVID-19 and 14 times less likely to die after contracting the virus.  See Rates of COVID-19 Cases and Deaths by Vaccination Status, CTRS. FOR DISEASE CONTROL & PREVENTION, https://covid.cdc.gov/ covid-data-tracker/#rates-by-vaccine-status (last visited Dec. 06, 2021).  Thus, given that Mr. Hall has been vaccinated, it is the court's view that, despite his health risks, he has failed to persuade the court that he has "exceptional circumstances" under the Compassionate Release Statute as modified by the First Step Act.  See 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Even if the court were to find exceptional circumstances, it would still decline to grant compassionate release because of the 3553(a) factors that the court must consider under the compassionate release statute.  See 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a).  The court reaches that conclusion having reviewed all of the filings, as well as the material before the court at the time of sentencing.

While the court recognizes that Mr. Hall received a very lengthy sentence—a ten-year mandatory minimum sentence—that sentence was below the guideline range and accurately reflected the seriousness of the criminal conduct in which Mr. Hall engaged.  See Judgment (Doc. No. 1834).  Mr. Hall supplied many co-defendants with heroin, sometimes on credit.  See Presentence Investigation Report at ¶ 10 (Doc. No. 1227).  The quantity involved was in kilograms.  Id. at ¶ 16.  Thus, even if Mr. Hall were to have presented extraordinary and compelling reasons for a sentence reduction, the court would not have reduced his sentence in light of the 3553(a) factors.

---

[3] It further bears noting that, at the time the government filed its Opposition, it reported that there were no cases among inmates at the facility at which Mr. Hall is housed.  Currently, at that facility, FMC Devens, there are no infected inmates.  See COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 06, 2021).

For the foregoing reasons, the court denies the Motion for Sentence Reduction (Doc. No. 2069).  In addition, the defendant's "Motion to Supplement the Record" (Doc. No. 2043) is similarly denied, and, finally, the defendant's pro se Motion (Doc. No. 2041) is also denied.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 8th day of December, 2021.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge