UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| : | 3:19-CR-00074 (JCH) |
| v. : | |
| : | |
| LARRY HALL, : | |
|     Defendant. : | AUGUST 8, 2024 |

**RULING ON MOTION FOR SENTENCE REDUCTION (DOC. NO. 2254)**

**I.    INTRODUCTION**

Pending before this court is defendant Larry Hall ("Mr. Hall")'s third Motion for Sentence Reduction, filed on July 24, 2023. See Supplemental Motion for Sentence Reduction ("Def.'s Mot.") (Doc. No. 2254). The government filed its Opposition on August 23, 2023. See Government's Response to Defendant's Motion to Modify Sentence ("Mem. in Opp.") (Doc. No. 2260). On November 27, 2023, the defendant filed his Reply. See Defendant's Reply to Government's Response (Doc. No. 2295).

Mr. Hall seeks a reduction of 18-24 months from his sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A). See Def's Mot. at 2. The grounds of Mr. Hall's Motion are the length of his sentence, his rehabilitation, and his medical issues. See id. at 3-4.

For the reasons stated below, Mr. Hall's Motion is granted.

**II.   BACKGROUND**

Mr. Hall was part of a 29-defendant, large-scale narcotics distribution organization in the Waterbury, Connecticut area. He was a lead organizer within the

1

organization and was responsible for the distribution of substantial quantities of heroin and cocaine.  See Presentence Investigation Report ("PSR") at ¶ 76 (Doc. No. 1227).

After entering into a plea agreement with the government, Mr. Hall pled guilty to Conspiracy to Distribute and to Possess with Intent to Distribute 1 Kilogram or More of Heroin in violation of sections 841(a)(1), 841(b)(1)(A)(i), and 846 of Title 21 of the United States Code.  See Plea Agreement (Doc. No. 868).  He was sentenced by this court to a below-Guidelines, ten-year mandatory minimum term of imprisonment.  See Judgment (Doc. No. 1834).

Mr. Hall filed his first Motion for Sentence Reduction, pro se, on July 6, 2021.  See First Pro Se Motion for Compassionate Release (Doc. No. 2041).  The court appointed counsel for Mr. Hall on July 8, 2021, and on September 1, 2021, a counseled Motion was filed on his behalf.  See First Motion to Reduce Sentence (Doc. No. 2069).  On December 8, 2021, the court entered its Ruling denying Mr. Hall's Motion.  See First Ruling (Doc. No. 2116).  On February 23, 2023, Mr. Hall filed his second Motion for Compassionate Release.  See Second Pro Se Motion for Compassionate Release (Doc. No. 2165); see also Memorandum in Support (Doc. No. 2199).  The court denied Mr. Hall's second Motion for Compassionate Release.  See Second Ruling (Doc. No. 2210).

Mr. Hall filed his third Motion for Sentence Reduction on July 24, 2023.  See Def's Mot.  The government opposes the motion.  See Mem. in Opp.

### III. LEGAL STANDARD

Under section 3582(c)(1)(A) of title 18 of the United States Code, as modified by the First Step Act of 2018, an incarcerated defendant may move for compassionate

release.  See 18 U.S.C. § 3582(c)(1)(A).  Pursuant to section 3582(c)(1)(A)(i), a court may not modify a term of imprisonment "once it has been imposed" except in a case where, after exhaustion of administrative remedies, the court considers the applicable section 3553(a) factors and finds that "extraordinary and compelling reasons warrant such a reduction."  Id. § 3582(c)(1)(A)(i).  Effective November 1, 2023, section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed by individual defendants under section 3582, see Guidelines Manual § 1B1.13 (2023), and it now includes, inter alia, an expanded list of specified extraordinary and compelling reasons, see id.

## IV.    DISCUSSION

A court may reduce a previously imposed term of imprisonment where an incarcerated individual (1) has exhausted his or her administrative remedies; (2) has shown extraordinary and compelling circumstances justifying the reduction; and (3) has demonstrated that the relevant factors, enumerated under section 3553(a) of title 18 of the United States Code, also warrant reduction.  See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  The court addresses each requirement in turn.

### A.    Exhaustion of Administrative Remedies

An inmate may move for a sentence reduction only "after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  Here, in response to an Order issued by this court, see Order (Doc. No. 2301), Mr. Hall provided proof that he filed a request for "compassionate

release/reduction in sentence" on January 23, 2023, which his Warden denied on February 23, 2023. See Defendant's Notice of Administrative Denial ("Def.'s Admin. Denial") (Doc. No. 2305). The government has not contested the sufficiency of this proof of exhaustion. The court concludes, based on the proffered materials, see Def.'s Admin. Denial, that Mr. Hall has exhausted his administrative remedies within the meaning of section 3582, such that the court may consider the merits of his Motion.[1]

### B. Extraordinary and Compelling Circumstances

Mr. Hall argues that there are multiple extraordinary and compelling circumstances justifying his request for a reduction in sentence, which include his medical issues, his rehabilitation, and the length of his sentence. See Def.'s Mot.

#### 1. Health Issues and COVID-19

As a threshold matter, the court does not consider Mr. Hall's medical issues—namely, hypertension and asthma, as well as long-term effects from contracting COVID-19, see Def.'s Mot. at 4—sufficient to warrant a reduction in sentence. Mr. Hall has not provided evidence that these medical issues are serious enough alone to constitute extraordinary and compelling circumstances. The court recognizes that, because of his medical issues, Mr. Hall may be at a higher risk of COVID-19 complications than the average individual. However, as noted by the court in its prior Ruling, Mr. Hall has been

---

[1] The court notes that Mr. Hall's administrative request raises only his medical issues and COVID-19 as the extraordinary and compelling circumstances justifying a reduction in sentence; indeed, the request lacks any mention of the other grounds cited in Mr. Hall's Motion, such as his rehabilitation and the length of his sentence. See Def.'s Admin. Denial.

Nonetheless, the court concludes that Mr. Hall has met the exhaustion requirement because "exhaustion of remedies under section 3582(c)(1)(A) does not require the defendant to list every possible ground for his release in his administrative request." United States v. Brown, No. 94-CR-631, 2021 WL 5051648, at *1 (S.D.N.Y. Nov. 1, 2021); accord United States v. Torres, 464 F. Supp. 3d 651, 655 (S.D.N.Y. 2020) (same).

vaccinated against COVID-19, see First Ruling at 4, which provides him with substantial protection against the virus. The court therefore reaffirms its prior conclusion that the medical conditions Mr. Hall describes do not constitute extraordinary or compelling circumstances alone sufficient to warrant a reduction in sentence.

        2.        Rehabilitation

Mr. Hall's argument regarding his rehabilitation is significantly more persuasive. Mr. Hall notes that he has completed multiple educational programs and has received no disciplinary tickets. See Def's Mot. at 3-4; Certificates of Completion, Def.'s Ex. A (Doc. No. 2254-1). Mr. Hall also describes the character "journey" he has experienced while in BOP custody, and he has proffered a personal statement detailing his new outlook and his commitment to becoming a productive, positive member of society. See Def's Mot. at 4; Personal Statement, Def.'s Ex. C (Doc. No. 2254-3). The court is highly impressed by the accomplishments achieved by Mr. Hall while in custody. He has successfully taken advantage of the educational programs offered to him, and he has an extraordinary record. He has also consistently been respectful to everyone he has encountered during his time in BOP custody; indeed, as the court remarked at Mr. Hall's sentencing, it is unusual that a defendant is explicitly recognized by BOP staff for his "respectfulness to the people in the authority." See November 20, 2020 Sentencing Transcript ("Sent'g Tr."), at 27:10-27:20 (Doc. No. 1867). Mr. Hall has, clearly, remained a model inmate since the day of his sentencing.

However, the court is mindful that rehabilitation, standing alone, cannot constitute an extraordinary and compelling circumstance warranting a reduction in sentence. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (noting that rehabilitation,

5

alone, cannot suffice as an extraordinary and compelling reason for a court to grant a motion for sentence reduction); Guidelines Manual § 1B1.13(d) (2023) (same); accord Mem. in Opp. at 2 (arguing that "Mr. Hall's purported rehabilitation . . . efforts do not support release").

        3.     Length of Sentence

Nonetheless, the court believes there is another circumstance raised in Mr. Hall's Motion that it should consider in its determination of whether extraordinary and compelling circumstances justify a reduction in sentence. The Second Circuit has held that an overly long sentence can constitute an extraordinary and compelling circumstance warranting a reduction in sentence. See Brooker, 976 F.3d at 238; accord United States v. Ramsay, 538 F. Supp. 3d 407, 426-27 (S.D.N.Y. 2021) (stating that a lengthy mandatory minimum sentence can constitute an extraordinary and compelling circumstance). The Second Circuit has also confirmed that "a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release." United States v. Halvon, 26 F.4th 566, 570 (2d Cir. 2022). This court is also ever mindful that "[h]arsh, disproportionate mandatory sentences impose grave costs not only on the punished but on the moral credibility upon which our system of criminal justice depends." United States v. Bannister, 786 F. Supp. 2d 617, 689 (E.D.N.Y. 2011).

Here, the court sentenced Mr. Hall to 120 months in prison because it was required to do so under the applicable statute. See 21 U.S.C. § 841(b). At sentencing, the undersigned noted that "[Mr. Hall] is not a man who should be facing 120 months in prison", see Sent'g Tr. at 12:10-12:24, and this court has also recognized that his

sentence is "very lengthy", see First Ruling at 4.  The mandatory minimum in this case was based on the quantity of the drugs that Mr. Hall supplied.  See 21 U.S.C. § 841(b).  It resulted in a sentence that, in this court's view, was unwarrantedly long, particularly given the specific circumstances of Mr. Hall's case, such as his minimal criminal history[2] and his rehabilitation.  Moreover, had the court not been bound by the statutory mandatory minimum, it would have had greater opportunity to account for other important factors, including Mr. Hall's difficult upbringing, his struggle with prescription drugs, his positive contributions to his community, his unequivocal acceptance of responsibility for his conduct, and his role in supporting his family.  Mr. Hall's continued, exemplary conduct in prison since the day he was sentenced reaffirms, to this court, that he is not an individual who should be serving a ten-year prison sentence.

The court is mindful that most other district courts who have deemed an overly lengthy sentence to be an extraordinary and compelling circumstance have done so based on certain, underlying factors that are not present in the case at bar.  See, e.g., United States v. Amerson, No. 05-CR-0301, 2023 WL 4497767, at *7 (E.D.N.Y. July 12, 2023) (noting that an excessively lengthy sentence, imposed pursuant to section 924(c)'s obsolete "stacking" provision, can constitute an extraordinary and compelling circumstance warranting release); United States v. Cruz, No. 94-CR-112, 2021 WL 1326851, at *5-8 (D. Conn. Apr. 9, 2021) (finding extraordinary and compelling circumstances where a defendant received a lengthy sentence when the defendant was only eighteen years old).  Importantly, however, it does not appear that the Second

---

[2] Mr. Hall's prior criminal history consists solely of two convictions for the sale of narcotics in 1998, which resulted in a criminal history score of zero.  See PSR at ¶¶ 34-36.

Circuit has ever held that a lengthy sentence constitutes an extraordinary and compelling circumstance only in those specific instances. Rather, the Brooker decision suggests that district courts in this Circuit have wide discretion in considering whether a lengthy sentence, alone or in combination with other factors, is sufficient to warrant a reduction in sentence. See Brooker, 976 F.3d at 238 (explaining that the "injustice" of a "lengthy sentence" can potentially constitute an extraordinary and compelling circumstance).[3]

In reaching its decision, the court emphasizes that it is not adopting the view that a mandatory minimum with which it disagrees is sufficient, by itself, to constitute an extraordinary and compelling circumstance. Rather, it is this court's view, given Mr. Hall's unique circumstances, that the ten-year mandatory minimum, as applied, was so out of line with Mr. Hall's personal circumstances that, in this specific instance, it is sufficient—when combined with other factors—to demonstrate extraordinary and compelling circumstances.

It is therefore this court's conclusion that it has the discretion, in this specific case, to find that Mr. Hall's overly lengthy sentence, when combined with other

---

[3] The court acknowledges that some other district courts have held that an excessively long, ten-year mandatory minimum sentence does not constitute an extraordinary and compelling circumstance. See, e.g., United States v. Vargas, No. 16-CR-406, 2022 WL 118737, at *5 (E.D.N.Y. Jan. 11, 2022) (declining to find an excessive ten-year mandatory minimum sentence extraordinary and compelling); United States v. Manglona, No. 14-CR-5393, 2021 WL 211537, at *3 (W.D. Wash. Jan. 21, 2021) ("[W]ith a mandatory minimum sentence of ten years, to simply resentence the Defendant because the undersigned believes that mandatory minimum sentences are bad law, generally, or as applied, would be inappropriate.").

The court respects these decisions, and it notes that it would not have granted Mr. Hall's Motion if he had relied only on the length of his sentence as the sole extraordinary and compelling circumstance. Nonetheless, it is this court's view that an excessive mandatory minimum sentence—including a ten-year sentence—can support a reduction in sentence, at least in certain circumstances and in combination with other factors, such as rehabilitation.

factors—such as his rehabilitation and health issues—meets the threshold for demonstrating extraordinary and compelling circumstances.

### 4. Other Circumstances

The court further notes that there are other circumstances in this case that, when taken together, support a reduction in Mr. Hall's sentence.  Mr. Hall has showed, and continues to show, profound remorse for his actions.  He has been unwavering in his unequivocal acceptance of responsibility for his conduct.  Indeed, at sentencing, the government acknowledged that Mr. Hall's statement accepting responsibility was "probably the most powerful statement that [he] ha[d] ever heard from a defendant"—a sentiment that this court shared.  See Sent'g Tr. at 19:17-20:14.  Mr. Hall is also a loving father and husband who supported his family as an auto mechanic for twenty years prior to his incarceration, and his incarceration caused his family to lose an important support structure in their lives.  In addition, he has been a model inmate—so much so that BOP officials explicitly commended him for his respectfulness.  See Sent'g Tr. at 27:10-27:20.  The court recognizes that these factors may overlap, in part, with rehabilitation, as well as the section 3553(a) factors, which this court must separately consider before granting Mr. Hall's Motion.  Nonetheless, the court believes that the aforementioned factors provide additional bases for it to conclude that Mr. Hall has met his burden of demonstrating that extraordinary and compelling reasons exist for a modest reduction in his sentence.  See United States v. Millan, No. 91-CR-685, 2020 WL 1674058, at *15 (S.D.N.Y. Apr. 6, 2020) (finding extraordinary compelling circumstances based on, inter alia, the defendant's "extraordinary rehabilitation, his

remorse and contrition, [and] his conduct as model prisoner and man of extraordinary character").

Accordingly, the court holds that Mr. Hall has proffered extraordinary and compelling circumstances that, when considered in the aggregate, are sufficient to justify a reduction in his sentence.

### C. Section 3553(a) Factors

Having found that Mr. Hall has demonstrated that extraordinary and compelling circumstances justify a reduction in his sentence, the court must now consider whether the section 3553(a) factors also favor such a reduction. See 18 U.S.C. § 3553(a).

The court has previously determined, in its prior Rulings on Mr. Hall's Motions for Compassionate Release, that the section 3553(a) factors did not tilt in favor of early release. See First Ruling at 4; Second Ruling at 2. The court reached those conclusions primarily because Mr. Hall's offense was undoubtedly serious and, at the time, the seriousness of his offense outweighed the other factors. Indeed, the court continues to view Mr. Hall's offense, i.e., supplying heroin and cocaine, to be deeply serious and harmful.

However, those Rulings were issued when Mr. Hall had only served 47 months—less than half—of his prison sentence. Since then, he has served a total of 63 months. Since the court's prior Rulings, Mr. Hall has continued to demonstrate that he is an individual who is highly unlikely to commit another crime when released from prison. As noted above, he has been a model inmate who has participated in numerous training and vocational programs and who has continuously expressed deep remorse for his conduct. He is also highly devoted to his family and has expressed aspirations of

opening his own mechanic shop upon release, which further suggest to this court that he is unlikely to reoffend. As described above, Mr. Hall's time in prison has also reaffirmed, to the undersigned, that he is hard-working, diligent, thoughtful, and committed to making a positive contribution to society. The court has every reason to believe, at this point, that Mr. Hall will be a model citizen upon his release from prison.

In addition, it is this court's view that a modest, 18-month reduction in Mr. Hall's sentence would result in a period of incarceration—102 months—that is more than sufficient to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence to criminal conduct.

As such, the court finds that the other section 3553(a) factors now outweigh the seriousness of Mr. Hall's offense. The court therefore concludes that the section 3553(a) factors, taken together, tilt in favor of a reduction in sentence.

## V.     CONCLUSION

For the reasons stated above, including health issues, rehabilitation, and length of sentence, Mr. Hall's Motion for Sentence Reduction (Doc. No. 2254) is granted. The court reduces Mr. Hall's sentenced period of incarceration so that the BOP is directed to release Mr. Hall from FMC Devens on August 28, 2024, on a sentence of time served. The court also imposes a period of Home Confinement of 3 months, commencing from the date of Mr. Hall's release, to provide an intermediate sense of structure and transition following his release from prison. During this period of Home Confinement, Mr. Hall will be subject to location monitoring, with a choice of technology left to the discretion of the US Probation Office. Mr. Hall will be permitted to leave Home Confinement for medical appointments, employment, reentry court (if admitted), and

religious services, subject to the approval of, and the conditions imposed by, his

Probation Officer.

**SO ORDERED.**

    Dated at New Haven, Connecticut this 8th day of August 2024.

                                            /s/ Janet C. Hall
                                   Janet C. Hall
                                   United States District Judge